IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JUDITH SIZEMORE,

    Plaintiff,

vs.     No. CIV 04-272 JP/DJS

STATE OF NEW MEXICO, NEW MEXICO
DEPARTMENT OF LABOR, CONROY CHINO,
New Mexico Secretary of Labor, individually;
JACKIE INGLE, Division Director, Administrative
Services Division, New Mexico Department of
Labor, individually; HOWARD WILLIAMS,
Deputy Division Director, Administrative Services
Division, New Mexico Department of Labor,
individually; JOEL KORNGUT, Bureau Chief,
Human Resources Bureau, New Mexico Department
of Labor, individually; TERRY OTHICK, Information
Services Consultant, New Mexico Department of
Labor, individually, ROBERT CASWELL
INVESTIGATIONS, INC., a New Mexico corporation,
ROBERT CASEY, individually and in his capacity
as investigator, Robert Caswell Investigations, Inc.;
KARL WIESE, individually and in his capacity as
investigator, Robert Caswell Investigations, Inc.; and
LEROY LUCERO, individually and in his capacity
as investigator, Robert Caswell Investigations, Inc.,

    Defendants.

## ORDER

On November 10, 2004, Defendants Robert Caswell Investigations, Inc., (RCI), Robert Casey, Karl Wiese, and Leroy Lucero ("RCI Defendants") filed a Motion for Partial Summary Judgment on Whether RCI Defendants are State Actors (Doc. No. 44) along with a Memorandum in Support of RCI Defendants' Motion for Partial Summary Judgment on Whether RCI Defendants are State Actors (Doc. No. 45) and three supporting Declarations, Declaration of Karl

Wiese in Support of RCI Defendants' Motion for Partial Summary Judgment on Whether RCI Defendants are State Actors (Doc. No. 48), Declaration of Robert Casey in Support of RCI Defendants' Motion for Partial Summary Judgment on Whether RCI Defendants are State Actors (Doc. No. 47) and Declaration of Leroy Lucero in Support of RCI Defendants' Motion for Partial Summary Judgment on Whether RCI Defendants are State Actors (Doc. No. 46).

On November 22, 2004, RCI Defendants filed a Motion for Partial Summary Judgment on Plaintiffs' Equal Protection Claim (Doc. No. 51) along with a Memorandum in Support of RCI Defendants' Motion for Partial Summary Judgment on Plaintiffs' Equal Protection Claim (Doc. No. 52) and three supporting Declarations, Declaration of Robert Casey in Support of RCI Defendants' Motion for Partial Summary Judgment on Plaintiffs' Equal Protection Claim (Doc. No. 55), Declaration of Leroy Lucero in Support of RCI Defendants' Motion for Partial Summary Judgment on Plaintiffs' Equal Protection Claim (Doc. No. 53), and Declaration of Karl Wiese in Support of RCI Defendants' Motion for Partial Summary Judgment on Plaintiffs' Equal Protection Claim (Doc. No. 54).

On January 6, 2005, the parties filed a Stipulation of Voluntary Dismissal (Doc. No. 79) dismissing without prejudice Plaintiff's claims against Defendants Leroy Lucero and Karl Wiese.

On January 19, 2005, counsel for the RCI Defendants sent to counsel for the Plaintiff by facsimile transmission a letter stating that a notice of completion of briefing would be filed in regard to the two motions for partial summary judgment on January 21, 2005 if counsel for the Plaintiff did not respond by that date.  Apparently, counsel for Plaintiff did not respond and on January 21, 2005, counsel for the RCI Defendants filed a Notice of Completion of Briefing (Doc. No. 87) in

regard to the Motion for Partial Summary Judgment on Whether RCI Defendants are State Actors, and filed a separate Notice of Completion of Briefing (Doc. No. 86) in regard to the Motion for Partial Summary Judgment on Plaintiff's Equal Protection Claim.  As of the date of filing of this Order, Plaintiff still has not filed a response to either motion for partial summary judgment.

Plaintiff has not filed a response in opposition to either motion for partial summary judgment in the time permitted by the rules of this Court.  D.N.M.LR-Civ. 7.6(a).  Consequently, Plaintiff is deemed to have consented to the granting of both motions for partial summary judgment.  D.N.M.LR-Civ. 7.1(b).

Moreover, the Court has considered the motions for partial summary judgment on their merits, taking into account the Declarations filed in support.  The Court finds that the motions for partial summary judgment also should be granted on their merits.  In regard to the Motion for Partial Summary Judgment on Whether RCI Defendants are State Actors (Doc. No. 44), it is clear that the facts are not in dispute, that the RCI Defendants were independent contractors who did not conspire or act in concert in any way with the State of New Mexico and did not follow any policy or procedure of the State of New Mexico when the RCI Defendants performed independent contractual obligations.  Moreover, it is clear that the RCI Defendants in no way were involved in employment decisions by the State of New Mexico with respect to the Plaintiff.  Undisputed facts presented by the RCI Defendants clearly show that they were not state actors in regard to the Plaintiff.

In regard to the RCI Defendants' Motion for Partial Summary Judgment on Plaintiff's Equal Protection Claim, the RCI Defendants have made a requisite showing, based on undisputed

facts, that they did not intentionally discriminate against Plaintiff or treat her differently from others similarly situated during the investigation conducted by the RCI Defendants as independent contractors. The Court concludes that the RCI Defendants have presented undisputed evidence that establishes their right to summary judgment; that Plaintiff has not come forward with admissible evidence creating a genuine issue of material fact; and that the RCI Defendants therefore are entitled to summary judgment on Plaintiff's equal protection claim.

    IT IS THEREFORE ORDERED THAT:

1. The Motion for Partial Summary Judgment on Whether RCI Defendants are State Actors (Doc. No. 44) filed November 10, 2004 is granted; and

2. The Motion for Partial Summary Judgment on Plaintiff's Equal Protection Claim (Doc No. 51) filed November 22, 2004 is granted; and

3. Summary judgment will be entered separately in favor of the RCI Defendants on all of Plaintiff's claims against them.

_____
SENIOR UNITED STATES DISTRICT JUDGE