**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**JUDITH SIZEMORE,**

      **Plaintiff,**

vs.                                         **No. CIV 04-00272 JP/DJS**

**STATE OF NEW MEXICO,
NEW MEXICO DEPARTMENT OF LABOR, et al.,**

      **Defendants.**

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION
FOR ATTORNEYS' FEES**

Plaintiff, **JUDITH SIZEMORE**, by and through her attorney, Dennis W. Montoya, Montoya Law, Inc., hereby submits her response in opposition to Defendants' Motion for Attorneys' Fees. Defense counsel has been consulted with respect to the requested relief, and although he opposes the relief requested, he does not oppose the filing and consideration of this response.

**1. Introduction**

The RCI Defendants have been dismissed out of the instant litigation based on a finding by the Court that they are not "State Actors" for purposes of 42 U.S.C. §1983 litigation. Following that dismissal, the RCI Defendants have brought the instant motion for attorney's fees. The motion is without merit, and should be denied.

## 2. Plaintiff's complaint was not patently frivolous, thus Defendants' Motion must be denied

The standard of attorneys' fees to a prevailing Defendant in a civil rights action was articulated by the Supreme Court in *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 98 S. Ct. 694, 54 L. Ed. 2d 648 (1978). The Supreme Court in *Christiansburg* held that, in reviewing the "unreasonable, frivolous, meritless or vexatious" standard that must be applied before a prevailing Defendant is awarded fees the Court must:

> resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

Christiansburg, 434 U.S. at 422.

The core of Defendants' argument that Ms. Sizemore did not have a reasonable basis for bringing her claim was that she did not oppose the Defendants' motion for summary judgment, she must have not had any evidence to introduce to support her claims and that her claims were meritless. This reasoning

*Judith Sizemore vs. State of New Mexico, New Mexico Department of Labor, et. al.*
*USDCNM No. CIV 04-00272 JP/DJS*
*Plaintiff's Response in Opposition to Defendant's Motion for Attorneys' Fees*
*Page 2*

is not only contrary to the law, but contrary to the facts in the case. The Defendants' attempt at *post hoc* reasoning is entirely supercilious. Logicians describe one process of reaching an ultimate fact from insufficient basic facts as the "false cause" or post hoc fallacy. The fallacy consists of reasoning from sequence to consequence, that is, assuming a causal connection between two events merely because one follows the other. For this reason the fallacy is often referred to as that of *post hoc ergo propter hoc* (after this and therefore in consequence of this), an expression which itself explains the nature of the error.

The Defendants are asking that the Court believe that their motion for summary judgment was so unbelievably strong that it was impossible in any sort of fashion to draft a response, that Ms. Sizemore was like a proverbial "deer caught in the head-lights" of the Defendants' motion. This is simply not the case. This is evidenced by the fact that a nearly identical motion was filed by the Defendants in a related case (*Martinez v. New Mexico Department of Labor, et al.*, USDCNM No. CIV 04-00381 DJS/ACT) and a response to that motion was filed. The Defendants' Motion was granted by the Court on March 3rd, 2005. The Defendants' *post hoc, ergo propter hoc* rationale is exactly the type of analysis the Supreme Court cautioned against in *Christianburg*.

*Judith Sizemore vs. State of New Mexico, New Mexico Department of Labor, et. al.*
*USDCNM No. CIV 04-00272 JP/DJS*
*Plaintiff's Response in Opposition to Defendant's Motion for Attorneys' Fees*
*Page 3*

Although the standard in *Christiansburg* is met when a party utterly fails to produce any evidence in support of material issues necessary to withstand summary judgment, (*See* Head v. Medford, 62 F.3d 351, 355 (11th Cir. 1995)), the inability of the Plaintiff to introduce any evidence to support her claims must be apparent from the beginning of the litigation or at some other significant point. *See* Smith v. Smythe-Cramer Co., 754 F.2d 180, 183 (6th Cir. 1985) ("Courts have awarded attorneys fees to prevailing defendants where no evidence supports the plaintiff's position or the defects in the suit are of such magnitude that the plaintiff's ultimate failure is clearly apparent from the beginning or at some significant point in the proceedings after which the plaintiff continues to litigate.") There is no evidence to support the contention that Ms. Sizemore knew from inception of this litigation that her claims were "unreasonable, frivolous, meritless or vexatious." The question of whether an individual who is acting side-by-side with government employees is a state actor is a "fact-intensive" question. Lee v. Katz, 276 F.3d 550, 554 (9th Cir. 2002) ("What is fairly attributable [as State action ] is a matter of normative judgment, and the criteria lack rigid simplicity. . . . [No] one fact can function as a necessary condition across the board . . . nor is any set of circumstances absolutely sufficient, for there may be some countervailing reason . . . .") *internal citations omitted*. Thus it can never be truly known at the beginning of

*Judith Sizemore vs. State of New Mexico, New Mexico Department of Labor, et. al.*
*USDCNM No. CIV 04-00272 JP/DJS*
*Plaintiff's Response in Opposition to Defendant's Motion for Attorneys' Fees*
*Page 4*

a case whether the facts that will be uncovered during discovery will support or defeat this type of claim. There is also nothing in Defendants' motion to allow the Court to determine when Ms. Sizemore should have known her suit was frivolous. More to the point, had the Defendants truly believed that their motion was insurmountable they should have complied with the Local Rules and obtained a position. However, this was not done.

It is true that a finding of "subjective bad faith" is not necessary to justify an award of fees, a finding of "good faith" certainly weighs against such an award. After a number of conversations with William Madison, counsel for the Defendants, undersigned counsel agreed to the dismissal of Karl Wiese and Leroy Lucero. *See* Stipulation of Voluntary Dismissal, Doc. No. 79, filed on January 6th, 2005. This act clearly shows that Ms. Sizemore was at times willing to concede that her claims could not be maintained against certain Defendants, although she reasonably believed that through discovery such facts would be elucidated.

The Defendants' position is further betrayed by the seemingly inconsistent positions taken by the Defendants in Ms. Martinez's and Ms. Sizemore's case. In response to Ms. Martinez's case, the RCI Defendants filed a counter-claim against Ms. Martinez and a cross-claim against undersigned counsel, as Ms. Martinez's attorney. No cross or counter claims were filed in the instant case. However, after

*Judith Sizemore vs. State of New Mexico, New Mexico Department of Labor, et. al.*
*USDCNM No. CIV 04-00272 JP/DJS*
*Plaintiff's Response in Opposition to Defendant's Motion for Attorneys' Fees*
*Page 5*

the granting of the Defendants' motion for summary judgment in the *Martinez* case, the Defendants **did not** file a motion for attorneys' fees; however, such a motion was filed in this case. The facts in both these cases are similar, if not identical and the issues brought before the Court by the Defendants are also similar. It is obvious that the many of the Defendants arguments that were made in its motion for attorneys' fees in this case could not have been made in Ms. Martinez's. First, Ms. Martinez filed a response to their motion for summary judgment, second the Court gave a thorough, lengthy opinion regarding the Defendants' motion for summary judgment and the Court found that:

> [H]aving reviewed Plaintiff's pleadings and RCI Defendants' submissions in support of their partial summary judgment motions, the Court does not agree with the RCI Defendants' characterization of Plaintiff's Complaint as frivolous and "utterly devoid of merit." The fact that Plaintiff did not prevail against the RCI Defendants does not mean Plaintiff's Complaint was frivolous.

*See* Memorandum, Opinion and Order, pg. 20 entered by Judge Svet in *Martinez v. New Mexico Department of Labor, et al.*, USDCNM No. Civ. 04-00381 DJS/ACT [Doc. No. 101, filed on March 8th, 2005].

While the prevailing plaintiff in a civil rights action is entitled to attorney fees as a matter of right, *see Hensley v. Eckerhart*, 461 U.S. 424, 429, 103 S. Ct. 1933, 1937 (1983), the prevailing defendant may recover attorney fees only "if the suit was vexatious, frivolous, or brought to harass or embarrass the defendant."

*Judith Sizemore vs. State of New Mexico, New Mexico Department of Labor, et. al.*
*USDCNM No. CIV 04-00272 JP/DJS*
*Plaintiff's Response in Opposition to Defendant's Motion for Attorneys' Fees*
*Page 6*

Utah Women's Clinic, Inc. v. Leavitt, 136 F.3d 707, 709 (10th Cir. 1998).  "This is a difficult standard to meet, to the point that rarely will a case be sufficiently frivolous to justify imposing attorney fees on the plaintiff . . . ..The dismissal of claims at the summary judgment stage does not automatically meet this stringent standard."  Mitchell v. City of Moore, 218 F.3d 1190, 1203 (10th Cir. 2000).  A successful Defendant "must demonstrate that the plaintiff has misused his statutory privilege and distorted the intent of the legislation," before an award of attorney's fees is warranted.  United States ex rel. Grynberg v. Praxair, Inc., 389 F.3d 1038, 1058 fn. 22 (10th Cir. 2004) *citing* Christiansburg, 434 U.S. at 419-20.

**WHEREFORE,** Plaintiff respectfully requests that the Court enter an order vacating its provisional order of March 31st, and in consideration of this response, deny said motion.

> Respectfully Submitted:
> **MONTOYA LAW, INC.**
>
> _____
> Dennis W. Montoya
> P.O. Box 15235
> Rio Rancho, NM 87174-0235
>
> (505) 246-8499
> (505) 246-8599 (facsimile)

*Judith Sizemore vs. State of New Mexico, New Mexico Department of Labor, et. al.*
*USDCNM No. CIV 04-00272 JP/DJS*
*Plaintiff's Response in Opposition to Defendant's Motion for Attorneys' Fees*
*Page 7*

**I HEREBY CERTIFY** that on May 4, 2005, I caused to be mailed and faxed to opposing counsels of record at the following addresses a true and correct copy of the foregoing, together with a copy of this Certificate of Service.

    William C. Madison, Esq.
    Arlyn G. Crow
    Madison Harbour Mroz & Brennan, PA
    PO Box 25467
    Albuquerque, NM 87125-5467

    Ellen S. Casey
    Peter Burman
    Hinkle, Hensley, Shanor & Martin, LLP
    Post Office Box 2068
    Santa Fe, New Mexico 87504-2068

_____
Dennis W. Montoya

*Judith Sizemore vs. State of New Mexico, New Mexico Department of Labor, et. al.*
*USDCNM No. CIV 04-00272 JP/DJS*
*Plaintiff's Response in Opposition to Defendant's Motion for Attorneys' Fees*
*Page 8*