IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JUDITH SIZEMORE,

    Plaintiff,

vs.                                      Civ. No. 04-272 JP/DJS

STATE OF NEW MEXICO, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

The Initial Pretrial Report (IPTR) (Doc. No. 35) at 26, filed September 24, 2004, stated that pretrial motions other than discovery related motions must be filed by March 28, 2005. The IPTR mistakenly stated that responses to those motions must be filed by March 22, 2005. Consequently, on October 5, 2004, the Honorable Magistrate Judge Don J. Svet revised the IPTR by ordering that responses to pretrial motions other than discovery related motions must be filed by April 11, 2005. Order (Doc. No. 38).

On March 28, 2005, the State Defendants timely filed State Defendants' Motion for Summary Judgment (Doc. No. 107). On April 9, 2005, Dennis Montoya, Plaintiff's counsel, wrote to the State Defendants' counsel, Ellen Casey and Peter Burman, requesting that he be allowed to respond to their motion for summary judgment by April 28, 2005. Mr. Montoya stated that he needed an extension of time because of the voluminous nature of the documents submitted in support of the motion for summary judgment. Mr. Montoya asked that any opposition to this request for an extension of time to be communicated to him by April 11, 2005. Mr. Montoya also indicated in this letter that he calculated that his response was due on April 14, 2005.

Ms. Casey did not respond to Mr. Montoya's April 9, 2005 letter until April 12, 2005 because she had been out of town. Ms. Casey faxed her response to Mr. Montoya indicating that she opposed an April 28, 2005 deadline to file a response. Ms. Casey, however, offered to concur in an April 14, 2005 deadline to respond, if Mr. Montoya agreed to extend the time to reply until April 29, 2005. After having received Ms. Casey's April 12, 2005 faxed letter, Mr. Montoya's paralegal called Ms. Casey later on April 12, 2005 to seek an extension of time to respond until April 18, 2005. Ms. Casey rejected this proposal.

On April 14, 2005, Mr. Montoya completed a draft of a motion to extend the time to file a response to the State Defendants' Motion for Summary Judgment. Due to a miscommunication with his paralegal, the draft of the motion to extend time was not filed on April 14, 2005 as Mr. Montoya had intended.

On April 15, 2005, the State Defendants filed a Notice of Completion of Briefing of the State Defendants' Motion for Summary Judgment (Doc. No. 113) because Plaintiff had not filed a response by April 14, 2005. On April 18, 2005 at 3:55 p.m., the Court granted the State Defendants' Motion for Summary Judgment. *See* Doc. Nos. 115 and 116. At approximately 10:30 p.m., late in the night of that same day, the Plaintiff filed Plaintiff's Motion to Extend Time to File a Response to Defendants' Motion for Summary Judgment and Response to Defendants' Notice of Completion of Briefing (Doc. No. 117).[1] Then, on May 5, 2005, Plaintiff filed, without

---

[1] Mr. Montoya claimed at a May 5, 2005 hearing in this case that when he filed the motion to extend time on April 18, 2005 he was unaware of the Court's Memorandum Opinion and Order granting the Defendants' Motion for Summary Judgment. Clerk's Minutes (Doc. No. 128).

permission of the Court, a response to the State Defendants' Motion for Summary Judgment[2] and also filed Plaintiff's Motion to Alter or Amend Judgment Dismissing Her Complaint [Against the State Defendants]. Doc. Nos. 123 and 124. Finally, on May 17, 2005, the Plaintiff filed, without permission of the Court, a Notice of Filing of Exhibits to Plaintiff Judith Sizemore's Response to State of New Mexico' Motion for Summary Judgment (Doc. No. 130).[3] In responding to Plaintiff's motions to extend time and to alter or amend judgment, the State Defendants ask the Court to award them attorney's fees and costs for having to respond to these motions.

Having reviewed the briefs[4] and relevant law, the Court finds that Plaintiff's Motion to Extend Time to File a Response to Defendants' Motion for Summary Judgment and Response to Defendants' Notice of Completion of Briefing should be denied; Plaintiff's response to the State Defendants' Motion for Summary Judgment and accompanying exhibits should be stricken from the court record; and Plaintiff's motion to alter or amend judgment should be denied. The Court further finds that the State Defendants' request for attorney's fees and costs should be raised in a separate motion to allow full briefing of the issue.

A. Plaintiff's Motion to Extend Time

The Plaintiff argues in her motion to extend time that the deadline for filing her response was April 14, 2005. The Plaintiff further argues that Mr. Montoya had a draft of a motion to

---

[2]The State Defendants claim that they never received a copy of Plaintiff's response to their motion for summary judgment.

[3]The State Defendants also claim that they never received a copy of these exhibits.

[4]Mr. Montoya stated at the May 5, 2005 hearing that he did not intend to file a reply brief with respect to the motion to extend time. Clerk's Minutes (Doc. No. 128).

extend time prepared to be filed on April 14, 2005 but the draft of that motion was not filed on April 14, 2005 due to a miscommunication with his paralegal. These arguments, however, do not adequately support the motion to extend time.

The Plaintiff failed to comply with D.N.M. LR-Cv 7.6(a) which states that "[i]f an extension of time is opposed, the party seeking the extension must file a separate motion within the applicable 14-day period." In this case, "the applicable 14-day period" ended on April 11, 2005. By the Plaintiff's admission, Mr. Montoya did not have a draft of a motion to extend time finished until April 14, 2005, three days too late. Plaintiff's motion to extend time, drafted on April 14, 2005 and filed April 18, 2005 is untimely.

Plaintiff, however, may ask the Court "upon motion made after the expiration of the specified period [to] permit the act to be done where the failure to act was the result of excusable neglect...." Fed. R. Civ. P. 6 (b)(2). "Excusable neglect," as used in Rule 6(b)(2) and in other similar federal rules, is determined on an equitable basis considering all of the relevant surrounding circumstances. *United States v. Torres*, 372 F.3d 1159, 1161-62 (10th Cir. 2004)(addressing "excusable neglect" in Fed. R. App. P. 4(b)(1)(A))(quoting *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993)(addressing "excusable neglect" in Bankruptcy Rule 9006(b)). *See also Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1494 (10th Cir. 1995), *cert. denied*, 516 U.S. 1160 (1996)(applying analysis of *Pioneer Investment Services* to Rule 6(b)(2)). Relevant "circumstances include '[1] the danger of prejudice to the [nonmoving party], [2] the length of delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.'" *Torres*, 372 F.3d at 1162

(quoting *Pioneer Investment Services*, 507 U.S. at 395.  Of these circumstances, the reason for delay circumstance carries the most weight.  *Id*. at 1163 (citations omitted).  Alleged "'inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable" neglect.'"  *Id*. (quoting *Pioneer Investment Services*, 507 U.S. at 392).

    Assuming that the danger of prejudice to the State Defendants is not great, that the length of delay in the proceeding is also not great, and that the Plaintiff acted in good faith, the Court nonetheless finds that Plaintiff has not shown that the reason for the delay in filing the motion to extend time is sufficient to support a finding that the motion was timely under Rule 6(b)(2).  The Court assumes that Mr. Montoya has read and comprehends the plain language of D.N.M. LR-Cv 7.6(a).  Mr. Montoya apparently did not file a motion to extend prior to April 11, 2005 because he was attempting to determine whether the State Defendants' counsel would oppose the motion.  *See* D.N.M. LR-Cv 7.1(a)("Movant must determine whether a motion is opposed.").  Even so, Mr. Montoya does not provide an explanation for why he did not determine sooner whether the State Defendants' counsel would oppose his motion to extend time.  Mr. Montoya would have known soon after the filing of the State Defendants' Motion for Summary Judgment on March 28, 2005 that its supporting documents were voluminous and would require extra time to examine. Mr. Montoya also does not explain why he did not attempt to contact Ms. Casey or Mr. Burman by telephone when the April 11, 2004 deadline was fast approaching and he had not heard from either Ms. Casey or Mr. Burman.  If Mr. Montoya had called Ms. Casey's office, he would have learned that she was out of town and he could have asked to speak with Mr. Burman.  If neither Ms. Casey nor Mr. Burman was available, Mr. Montoya could have proceeded with the timely filing of a motion to extend time which included a certification that he attempted in good faith to

5

determine whether the motion to extend time was opposed.  Clearly, the delay in filing this motion to extend time was within the reasonable control of Mr. Montoya.  Since the reason for delay factor carries great weight, the Court finds that this circumstance supports a finding that Mr. Montoya's tardy filing of the motion to extend time was not justified by excusable neglect.  Consequently, the Court concludes that it is not required to consider the motion to extend under Rule 6(b)(2).

B.  Plaintiff's Motion to Alter or Amend Judgment

The Plaintiff brings her motion to alter or amend judgment under Fed. R. Civ. P. 59(e).[5] The Court can grant a Rule 59(e) motion to alter or amend judgment for one of three reasons: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)(citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)).  A Rule 59(e) motion "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id*.  A Rule 59(e) motion, however, is not appropriate "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id*. (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991), *cert. denied*, 506 U.S. 828 (1992)).  The decision to grant or deny a Rule 59(e) motion is left to the sound discretion of the trial court. *See Minshall v. McGraw Hill Broadcasting Co., Inc.*, 323 F.3d 1273, 1287 (10th Cir. 2003)(citation omitted).

---

[5]Rule 59(e) states that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."  Plaintiff's motion to alter amend judgment is timely considering the effect of D.N.M. LR-Cv 5.5(a) on pleadings filed electronically after 5:00 p.m. but before 8:00 a.m. of the next day.

Here, the Plaintiff argues that the summary judgment in favor of the State Defendants should be vacated because "the Court did not fully consider the implications of the Defendants' failure to apply the same disciplinary rules to similarly situated employees, namely Judith Sizemore and Howard Williams." Motion to Alter or Amend Judgment at 3. In addition, the Plaintiff argues that in considering only the State Defendants' Motion for Summary Judgment, the Court *de facto* sanctioned the Plaintiff for not filing a timely response.[6] In granting summary judgment in favor of the State Defendants, the Court examined the merits of the motion for summary judgment based upon the information available to the Court. The fact that the Plaintiff at that time had not filed a response brief does not mean that the Court was precluded from examining the motion for summary judgment. It would be unreasonable and disruptive to the timely administration of justice to require the Court to wait for untimely responses that may or may not ever be filed before examining motions for summary judgment. Moreover, the Plaintiff's own inexcusable failure to file a timely response cannot be used to justify relief under Rule 59(e). The Court finds that it did not make a clear error or engage in manifest injustice when it granted summary judgment in favor of the State Defendants.

IT IS ORDERED that:

1. Plaintiff's Motion to Extend Time to File a Response to Defendants' Motion for Summary Judgment and Response to Defendants' Notice of Completion of Briefing (Doc. No. 117) is denied;

---

[6]Plaintiff further argues that she should not be penalized for Mr. Montoya's failure to respond to the State Defendants' Motion for Summary Judgment. This argument is irrelevant to the question of whether the Court's summary judgment in favor of the State Defendants should be vacated.

2. Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment (Doc. No. 123) and accompanying exhibits (Doc. No. 130) are stricken from the court record;

3. Plaintiff's Motion to Alter or Amend Judgment Dismissing Her Complaint (Doc. No. 124) is denied; and

4. State Defendants' request for attorney's fees and costs is denied at this time but may be raised in a separate motion.

_____
SENIOR UNITED STATES DISTRICT JUDGE