## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**JUDITH SIZEMORE,**

      **Plaintiff,**

**vs.**                                                        **No. CIV 04-00272 JP/DJS**

**STATE OF NEW MEXICO,**
**NEW MEXICO DEPARTMENT OF LABOR, et al.,**

      **Defendants.**

## PLAINTIFF'S RESPONSE IN OPPOSITION TO THE STATE DEFENDANTS' MOTION FOR ATTORNEYS' FEES

Plaintiff, **JUDITH SIZEMORE**, by and through her attorney, Dennis W. Montoya, Montoya Law, Inc., hereby submits her response in opposition to the State Defendants' Motion for Attorneys' Fees.

## 1. Introduction

The history of this case is unusually long and complex, but simply put the case arises out of the termination of Ms. Sizemore's employment as Management Information Services Bureau (MISB) Chief with the State of New Mexico Department of Labor ("NMDOL"). Throughout the majority of the time following Ms. Sizemore's termination, there have been three separate legal actions in existence: 1) Ms. Sizemore's Unemployment Insurance Appeal, which has now been decided in her favor by an administrative judge, only to be appealed by the Department of Labor; 2) Ms. Sizemore's appeal to the New Mexico State

Personnel Board from the decision to terminate her, which appeal remains pending and without a decision nearly two (2) years after a ten-day hearing in the matter; and 3) the instant lawsuit. Throughout all three of these cases the NMDOL has taken an unusually aggressive approach to the litigation, including, filing "eleventh-hour" motions requesting that the Administrative Law Judge, Willard H. Davis, Jr., recuse himself just three days before a scheduled hearing in August of 2005 and almost two (2) years after his initial appointment to the Sizemore appeal.[1] As this response indicates, the billing incurred by the Defendants were not as the result of undersigned's conduct or the alleged lack of veracity of Ms. Sizemore's claims but instead resulted from the Defendants' election to pursue an extraordinarily aggressive and confrontational litigation strategy.

## 2. Plaintiff's Response to Defendants' "Background Facts"

In their motion the Defendants set forth a litany of "facts" that have little, if any, relevance to the instant motion. As discussed in great detail further herein, in a motion for attorney's fees by a prevailing defendant, the standard of review is

---

[1]  Judge Davis was not the originally-assigned Administrative Law Judge.  Administrative Law Judge Chris Averkiou was terminated from his employment shortly after he presided over a ten-day hearing on Ms. Sizemore's State Personnel Board appeal in December of 2003.  Ms. Sizemore's appeal was subsequently assigned to Judge Davis, who is an Administrative Law Judge with the Regulation and Licensing Bureau, State of New Mexico, for a decision.  During the course of the ten-day hearing in December of 2003, the New Mexico Department of Labor aggressively sought Judge Averkiou's recusal from the case. The termination of Judge Averkiou's employment came shortly thereafter.

*Judith Sizemore vs. State of New Mexico, New Mexico Department of Labor, et. al.*
*USDCNM No. CIV 04-00272 JP/DJS*
*Plaintiff's Response in Opposition to the State Defendant's Motion for Attorneys' Fees*
*Page 2*

"unreasonable, frivolous, meritless or vexatious." Only if the action brought by the plaintiff is "unreasonable, frivolous, meritless or vexatious" can a defendant be entitled to attorney's fees. The "background facts" presented by the Defendants do not show that Ms. Sizemore's complaint was "unreasonable, frivolous, meritless or vexatious." Rather these "background facts" are mostly conclusory or otherwise show that the Equal Employment Opportunities Commission ("EEOC") did not agree with her allegations. In order to avoid the contention that Ms. Sizemore has stipulated to these facts by failing to respond, plaintiff will respond to certain facts which give rise to the need for further discussion.

Defendants cite to a letter ("Determination and Notice of Rights") sent by the EEOC whose relevance is not readily apparent. (See Defendant's Motion at p.2) The EEOC rarely issues findings of "Probable Cause" as opposed to findings of "No Probable Cause." Under EEOC procedures the Commission after conducting an investigation either issues a finding of "Probable Cause," a finding that sufficient evidence was presented in order to support a conclusion that a violation of Title VII or other act might have occurred, or a finding of "No Probable Cause," a finding that concludes there is not sufficient evidence to support a conclusion that a violation might have occurred. In effect, these findings have little to do with the course of a complainant's case. Moreover, Title VII

*Judith Sizemore vs. State of New Mexico, New Mexico Department of Labor, et. al.*
*USDCNM No. CIV 04-00272 JP/DJS*
*Plaintiff's Response in Opposition to the State Defendant's Motion for Attorneys' Fees*
*Page 3*

requires a *de novo* proceeding after the conclusion of the Commission's thus negating the evidentiary effect of any finding. *See e.g.* <u>Salve Regina College v. Russell</u>, 499 U.S. 225, 238 (1991)("When de novo review is compelled, no form of appellate deference is acceptable.")

Ms. Sizemore does not dispute the fact that extensive testimony was taken at an administrative hearing and does not dispute the fact that the dispute that the testimony showed that a number of individuals were investigated and subjected to disciplinary action. However, this is not the whole story. What is notably left out by the Defendants is that the Anglo and Hispanic individuals identified are not aptly characterized as "Anglo" and "Hispanic."

This discussion by the Defendants evinces their narrow-minded view of race relations. The "Anglo" male referred to is Glenn Young, who is Jewish. Shelley Martinez, is a Hispanic-surnamed female, but is African American. The Defendants are arguing that individuals can only belong to one group, i.e. only male or only female, only Hispanic or only Anglo. This is akin to stating that all Hispanics are the same, ignoring the fact that there are multiple variations in this group, i.e. Cubans, Colombians, Puerto Ricans, Mexicans, Indigenous Hispanics native to the Southwestern United States, etc., can all be characterized as Hispanic, or "Latino" but are hardly the same. *See* <u>Deravin v. Kerik</u>, 335 F.3d 195, 202 fn. 5

*Judith Sizemore vs. State of New Mexico, New Mexico Department of Labor, et. al.*
*USDCNM No. CIV 04-00272 JP/DJS*
*Plaintiff's Response in Opposition to the State Defendant's Motion for Attorneys' Fees*
*Page 4*

(2nd Cir. 2003)("Although there may be fundamental conceptual differences between race and national origin discrimination, 'prejudice is as irrational as is the selection of groups against whom it is directed,' Manzanares v. Safeway Stores, Inc., 593 F.2d 968, 971 (10th Cir. 1979) -- thus we cannot simply assume that employment discrimination invariably fits into neat, clearly distinct legal categories."); St. Francis College vs. Al-Khazraji, 481 U.S. 604, 107 S.Ct. 2022, 95 L.Ed.2d 582 (1987)(noting that 42 U.S.C. § 1981 protects those who are "genetically part of an ethnically and physiognomically distinctive sub-grouping of homo sapiens.")  By the same token, Jewish and "Anglo" are not identical and interchangeable terms.[2]  See, e.g., United States v. Nelson, 277 F.3d 164 (2nd Cir. 2002) (The Thirteenth Amendment and 42 U.S.C. §1981 extend to protect the Jewish race); Sinai v. New England Tel. & Tel. Co., 3 F.3d 471, 474 ("That Israel is a Jewish state, albeit not composed exclusively of Jews, is well established. Furthermore, it is undisputed that appellee is of Hebrew/Jewish descent, the stock primarily associated with Israel. The jury thus could have determined that NIRC,

---

[2] NMDOL counsel Doris Duhigg, who represents that she, herself, is Jewish, seems to take umbrage at any suggestion that a Jewish male is anything other than a "white male."  At a settlement resolution conference held in the related case of Shelley Martinez, Ms. Duhigg became irate and compared undersigned counsel to Adolph Hitler when counsel did nothing more than point out that the Department's characterization of Glenn Young, who is Jewish, as a "White male" was not in keeping with Plaintiff's view of the case.  For some of us, the idea that to be considered "other than white" makes a person or group somehow less worthy or important is insulting.  Apparently Ms. Duhigg fails to appreciate this.

*Judith Sizemore vs. State of New Mexico, New Mexico Department of Labor, et. al.*
*USDCNM No. CIV 04-00272 JP/DJS*
*Plaintiff's Response in Opposition to the State Defendant's Motion for Attorneys' Fees*
*Page 5*

through Ms. Dumas, discriminated against appellee on the basis of his Hebrew/Jewish race by disparaging Israel.")   In the case at bar, from Ms. Sizemore's perspective, the NMDOL elected to "pick on" a Jew (Glenn Young), three women (Plaintiff, Sylvana Luciani and Shelley Martinez), an African American (Shelley Martinez), a Hispanic-surnamed individual (Shelley Martinez), and an individual of Hispanic descent (Sylvana Luciani).  This constitutes five protected categories, but three individual persons.  No white or Hispanic males were selected to have their jobs terminated or to receive disciplinary action, despite the fact that several white and Hispanic males were implicated in the alleged wrongdoing attributed to Plaintiff.

The Defendants next go on to argue that there is no evidence of "disparate treatment" without identifying the basis for that conclusion. As this Court knows, discrimination claims are analyzed under the *McDonald Douglas* burden-shifting analysis. *See* Garrett v. Hewlett-Packard Co., 305 F.3d 1210, 1216 (10th Cir. 2002)(*citing* Amro v. Boeing Co., 232 F.3d 790, 796 (10th Cir. 2000); Beaird v. Seagate Tech., Inc., 145 F.3d 1159, 1165 (10th Cir. 1998)).  "Disparate treatment" can be proved by establishing a *prima facie* case and showing that the alleged reason is false or unworthy of belief. *See* Pastran v. K-Mart, 210 F.3d 1201, 1206 (10th Cir. 2000). To say that a number of depositions, without analyzing each

*Judith Sizemore vs. State of New Mexico, New Mexico Department of Labor, et. al.*
*USDCNM No. CIV 04-00272 JP/DJS*
*Plaintiff's Response in Opposition to the State Defendant's Motion for Attorneys' Fees*
*Page 6*

deposition individually and providing copies to the Court, elicited no testimony beneficial to Ms. Sizemore is simply absurd.

## 3. Defendants' have failed to identify any reason whatsoever that would justify the application of 28 U.S.C. § 1927

"Under [28 U.S.C.] § 1927[3], a district court may assess an award of fees against an attorney appearing before the court if (1) the actions of the attorney multiply the proceedings and (2) the attorney's actions are vexatious and unreasonable." Dreiling v. Peugeot Motors of America, Inc., 768 F.2d 1159, 1165 (10th Cir. 1985), *citing* Suslick v. Rothschild Securities Corporation, 741 F.2d 1000, 1006 (7th Cir. 1984); Overnite Transportation Co. v. Chicago Industrial Tire Co., 697 F.2d 789, 794 (7th Cir. 1983). "The power of a court over members of its bar is at least as great as its authority over litigants. If a court may tax counsel fees against a party who has litigated in bad faith, it certainly may assess those expenses against counsel who willfully abuse judicial processes." Roadway Express, Inc. v. Piper, 447 U.S. 752, 766, 100 S. Ct. 2455, 2464, 65 L. Ed. 2d 488 (1980)(*footnote omitted*). An attorney's actions are considered vexatious and unreasonable under § 1927 if the attorney acted in bad faith. *See* United States v. Austin, 749 F.2d 1407,

---

[3] Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

*Judith Sizemore vs. State of New Mexico, New Mexico Department of Labor, et. al.*
*USDCNM No. CIV 04-00272 JP/DJS*
*Plaintiff's Response in Opposition to the State Defendant's Motion for Attorneys' Fees*
*Page 7*

1408 (9th Cir. 1984); <u>McCandless v. Great Atlantic and Pacific Tea, Co., Inc.</u>, 697

F.2d 198, 201 (7th Cir. 1983); <u>United States v. Blodgett</u>, 709 F.2d 608, 610 (9th

Cir. 1983). As a result, there must be finding of willful bad faith on part of

offending attorney before attorneys' fees and costs may be taxed under 28 USCS §

1927. <u>Baker Industries, Inc. v Cerberus, Ltd.</u>, 764 F2d 204, (3rd Cir. 1985).

Because of its penal nature, § 1927 must be strictly construed. <u>Knorr Brake</u>

<u>Co. v. Harbil, 0Inc.</u>, 738 F.2d 223, 226 (7th Cir. 1984); "Before a court may assess

fees under section 1927, the attorney must intentionally file or prosecute a claim

that lacks a plausible legal or factual basis." <u>Knorr</u>, 738 F.2d at 227. Imposition of

sanctions of 28 USCS § 1927 is highly unusual and requires clear showing of bad

faith. *See* <u>West Virginia v Chas. Pfizer & Co</u>. 440 F.2d 1079 (2nd Cir.) *cert. denied*.

(1971) 404 US 871, 30 L Ed 2d 115, 92 S Ct 81. A court should make such an

award "only in instances evidencing a 'serious and standard disregard for the

orderly process of justice.'" <u>White v. American Airlines, Inc.</u>, 915 F.2d 1414, 1427

(10th Cir. 1990)(*citations omitted*). This is an "extreme standard." <u>Id</u>.

In this case the Defendants have not alleged any reason to support their

request for attorneys' fees. The Defendants apparently rest on the failure of Ms.

Sizemore to prevail on her motion to alter or amend judgment as the basis for their

motion. However, this is not the showing required. The Defendants are required to

*Judith Sizemore vs. State of New Mexico, New Mexico Department of Labor, et. al.*
*USDCNM No. CIV 04-00272 JP/DJS*
*Plaintiff's Response in Opposition to the State Defendant's Motion for Attorneys' Fees*
*Page 8*

show that the motion was filed to "multiply the proceedings" and that undersigned filing of the motion was "vexatious and unreasonable." <u>Dreiling v. Peugeot Motors of America, Inc.</u>, 768 F.2d at 1165. The Defendants have failed to make this showing.

## 4. Plaintiff's complaint was not patently frivolous, thus Defendants' Motion must be denied

The legal standard for attorney fee awards to a prevailing Defendant in a civil rights action was articulated by the Supreme Court in *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 98 S. Ct. 694, 54 L. Ed. 2d 648 (1978). The Supreme Court in *Christiansburg* held that, in reviewing the "unreasonable, frivolous, meritless or vexatious" standard that must be applied before a prevailing Defendant is awarded fees the Court must:

> resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

<u>Christiansburg</u>, 434 U.S. at 422.

*Judith Sizemore vs. State of New Mexico, New Mexico Department of Labor, et. al.*
*USDCNM No. CIV 04-00272 JP/DJS*
*Plaintiff's Response in Opposition to the State Defendant's Motion for Attorneys' Fees*
*Page 9*

The core of Defendants' argument that Ms. Sizemore did not have a reasonable basis for bringing her claim was that she did not oppose the Defendants' motion for summary judgment, she must have not had any evidence to introduce to support her claims and that her claims were meritless. This reasoning is not only contrary to the law, but contrary to the facts in the case. The Defendants' attempt at *post hoc* reasoning is entirely supercilious.

Although the standard in *Christiansburg* is met when a party utterly fails to produce any evidence in support of material issues necessary to withstand summary judgment, (*See* Head v. Medford, 62 F.3d 351, 355 (11th Cir. 1995)), the inability of the Plaintiff to introduce any evidence to support her claims must be apparent from the beginning of the litigation or at some other significant point. *See* Smith v. Smythe-Cramer Co., 754 F.2d 180, 183 (6th Cir. 1985) ("Courts have awarded attorneys fees to prevailing defendants where no evidence supports the plaintiff's position or the defects in the suit are of such magnitude that the plaintiff's ultimate failure is clearly apparent from the beginning or at some significant point in the proceedings after which the plaintiff continues to litigate.") There is no evidence to support the contention that Ms. Sizemore knew from inception of this litigation that her claims were "unreasonable, frivolous, meritless

*Judith Sizemore vs. State of New Mexico, New Mexico Department of Labor, et. al.*
*USDCNM No. CIV 04-00272 JP/DJS*
*Plaintiff's Response in Opposition to the State Defendant's Motion for Attorneys' Fees*
*Page 10*

or vexatious." There is also nothing in Defendants' motion to allow the Court to determine when Ms. Sizemore should have known her suit was frivolous.

The Defendants' position is betrayed by the seemingly inconsistent positions taken by the Defendants in Ms. Martinez's and Ms. Sizemore's case. In response to Ms. Martinez's case, the State Defendants filed a counter-claim against Ms. Martinez. No counter claims were filed in the instant case. However, the Defendants' never sought attorneys' fees in the *Martinez* case, the Defendants **did not** file a motion for attorneys' fees; however, such a motion was filed in this case. The facts in both these cases are similar, if not identical and the issues brought before the Court by the Defendants are also similar.

While the prevailing plaintiff in a civil rights action is entitled to attorney fees as a matter of right, *see Hensley v. Eckerhart*, 461 U.S. 424, 429, 103 S. Ct. 1933, 1937 (1983), the prevailing defendant may recover attorney fees only "if the suit was vexatious, frivolous, or brought to harass or embarrass the defendant." Utah Women's Clinic, Inc. v. Leavitt, 136 F.3d 707, 709 (10th Cir. 1998). "This is a difficult standard to meet, to the point that rarely will a case be sufficiently frivolous to justify imposing attorney fees on the plaintiff . . . ..The dismissal of claims at the summary judgment stage does not automatically meet this stringent standard." Mitchell v. City of Moore, 218 F.3d 1190, 1203 (10th Cir. 2000). A

*Judith Sizemore vs. State of New Mexico, New Mexico Department of Labor, et. al.*
*USDCNM No. CIV 04-00272 JP/DJS*
*Plaintiff's Response in Opposition to the State Defendant's Motion for Attorneys' Fees*
*Page 11*

successful Defendant "must demonstrate that the plaintiff has misused his statutory privilege and distorted the intent of the legislation," before an award of attorney's fees is warranted. <u>United States ex rel. Grynberg v. Praxair, Inc.</u>, 389 F.3d 1038, 1058 fn. 22 (10th Cir. 2004) *citing* <u>Christiansburg</u>, 434 U.S. at 419-20.

      **WHEREFORE,** Plaintiff respectfully requests that the Court enter an order vacating its provisional order of March 31st, and in consideration of this response, deny the State defendants' motion for attorney fees.

Respectfully Submitted:
**MONTOYA LAW, INC.**

Dennis W. Montoya
P.O. Box 15235
Rio Rancho, NM 87174-0235

(505) 246-8499
(505) 246-8599 (facsimile)

*Judith Sizemore vs. State of New Mexico, New Mexico Department of Labor, et. al.*
*USDCNM No. CIV 04-00272 JP/DJS*
*Plaintiff's Response in Opposition to the State Defendant's Motion for Attorneys' Fees*
*Page 12*

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on  August 22, 2005, I caused to be mailed to

pposing counsel of record at the following address a true and correct copy of the

foregoing, together with a copy of this Certificate of Service.

    Ellen S. Casey
    Hinkle, Hensley, Shanor & Martin, LLP
    Post Office Box 2068
    Santa Fe, New Mexico 87504-2068


Dennis W. Montoya

*Judith Sizemore vs. State of New Mexico, New Mexico Department of Labor, et. al.*
*USDCNM No. CIV 04-00272 JP/DJS*
*Plaintiff's Response in Opposition to the State Defendant's Motion for Attorneys' Fees*
*Page 13*