IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JUDITH SIZEMORE,

     Plaintiff,

vs.                                Civ. No. 04-272 JP/DJS

STATE OF NEW MEXICO, et al.,

     Defendants.

MEMORANDUM OPINION AND ORDER

On May 4, 2005, the Plaintiff filed Plaintiff's Motion to Vacate Provisional Order

Granting [RCI Defendants'] Motion for Attorneys' Fees (Doc. No. 126).[1]  On July 18, 2005, the

State Defendants filed a Motion for Award of Attorney Fees and Costs (Doc. No. 136).[2]  Having

considered the briefs and relevant law, the Court finds that Plaintiff's motion to vacate the

provisional order granting attorneys' fees to the RCI Defendants should be denied and that the

State Defendants' motion for an award of attorney's fees should be provisionally granted.

A.  Background

     1.  The RCI Defendants

On November 10, 2004, the RCI Defendants filed a Motion for Partial Summary

Judgment on Whether RCI Defendants are State Actors (Doc. No. 44).  On November 22, 2004,

---

[1]This motion to vacate the Court's provisional order granting the RCI Defendants' motion for attorney's fees was originally represented to the Court and opposing counsel as unopposed although it was in fact opposed.  At the May 5, 2005 hearing, the Court struck the word "Unopposed" from the title of the motion. Clerk's Minutes (Doc. No. 272), filed May 5, 2005.

[2]Although the State Defendants' Motion for Award of Attorney Fees and Costs asks for an award of costs, the State Defendants only provide documentation supporting their request for attorneys' fees.

the RCI Defendants filed a Motion for Partial Summary Judgment on Plaintiff's Equal Protection

Claim (Doc. No. 51).  Plaintiff failed to respond to either of these two motions.  On January 28,

2005, the Court granted summary judgment in favor of the RCI Defendants and dismissed

Plaintiff's claims against them with prejudice.  Doc. No. 89.

On February 25, 2005, the RCI Defendants filed RCI Defendants' Motion for Attorney's

Fees (Doc. No. 95) requesting an award of attorney's fees under 42 U.S.C. §1988 as a prevailing

party in a civil rights action.  The Plaintiff did not respond to the RCI Defendants' Motion for

Attorney's Fees within the time to respond set by the rules of this Court.  *See* D.N.M. LR-Cv

7.6(a).  On March 31, 2005, the Court provisionally granted the RCI Defendants' Motion for

Attorney's Fees and set a hearing to determine Plaintiff's financial condition and ability to respond

to an award of attorney's fees to the RCI Defendants.  Order (Doc. No. 110).  Also, the Court

intended to determine at the hearing why the descriptions of legal services, set forth in the "Detail

Fee Transaction File List" attached to the Affidavit of Arlyn Crow, had been redacted.  *Id.*

At Plaintiff's request, the Court twice continued the hearing set by the provisional order.

The Court then scheduled the hearing on May 5, 2005.[3]  The night of May 4, 2005 at 10:23 p.m.,

less than 13 hours before the hearing, the Plaintiff electronically filed her motion to vacate the

March 30, 2005 provisional order and untimely filed, without the Court's permission, Plaintiff's

Response in Opposition to [RCI] Defendants' Motion for Attorneys' Fees (Doc. No. 127).  The

Court did not rule on the RCI Defendant's Motion for Attorney's Fees at the May 5, 2005

hearing.  Instead, the Court allowed the RCI Defendants time to file a written response to

_____

[3]The Plaintiff also tried to continue the May 5, 2005 hearing, but the Court denied that
request.

Plaintiff's motion to vacate the provisional order.  The RCI Defendants filed their written response on May 10, 2005.

    2.  The State Defendants

    The Court granted the State Defendants' motion for summary judgment on April 18, 2005 on its merits, but also because Plaintiff failed to respond to the motion for summary judgment. Doc. Nos. 115 and 116.  Later that day at 10:32 p.m., well after the Court had filed its summary judgment in favor of the State Defendants at 3:55 p.m., Plaintiff electronically filed a motion to extend the time to respond to the State Defendants' motion for summary judgment. Doc. No. 117.  On April 22, 2005, the State Defendants responded to Plaintiff's motion to extend time. Doc. No. 120.  Plaintiff then, without a prior Court order allowing her to do so, filed her untimely response to the State Defendants' motion for summary judgment on May 3, 2005.  Doc. No. 123. Also on May 3, 2005, Plaintiff filed a motion to alter or amend the Court's grant of summary judgment in favor of the State Defendants.   Doc. No. 124.  On May 17, 2005, again without permission of the Court, Plaintiff untimely filed an appendix of exhibits in support of her response to the State Defendants' motion for summary judgment.  Doc. No. 130.  On June 24, 2005, the Court denied both Plaintiff's motion to extend time to respond to the State Defendants' motion for summary judgment and Plaintiff's motion to amend or alter the Court's grant of summary judgment in favor of the State Defendants.  Doc. No. 134.  That same day, the Plaintiff filed a notice of appeal.  Doc. No. 135.  On July 18, 2005, the State Defendants filed their Motion for Award of Attorney Fees and Costs (Doc. No. 136) which is now completely briefed.

B.  Discussion

    1.  The Plaintiff's Motion to Vacate the Provisional Order

    Plaintiff asserts that she had an agreement from RCI Defendants' attorney William Madison to extend the time to respond to the RCI Defendants' motion for attorney's fees until April 1, 2005.  Unfortunately for Plaintiff, the Court entered its provisional order on March 31, 2005, a day before Plaintiff claims she was going to file her response to the RCI Defendants' motion for attorney's fees.  The Plaintiff contends that her agreement with Mr. Madison to extend the time to respond complied with the Local Rules and that in the "best interests of justice" the Court should vacate its provisional order so that the Court can consider Plaintiff's response which was filed contemporaneously with Plaintiff's motion to vacate the provisional order.

    The Court construes Plaintiff's motion to vacate the provisional order as a motion under Fed. R. Civ. P. 60(b) and Fed. R. Civ. P. 6(b).  Rule 60(b) states in pertinent part that "[o]n motion and upon such terms as are just, the court may relieve a party ... from a[n] ... order for ... (1) mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment."  Under Rule 6(b)(2), a plaintiff may ask the Court "upon motion made after the expiration of the specified period [to] permit the act to be done where the failure to act was the result of excusable neglect...."

    "Excusable neglect," as used in Rules 60(b)(1) and 6(b)(2) as well as in other federal rules, is determined on an equitable basis considering all of the relevant surrounding circumstances. *Jennings v. Rivers*, 394 F.3d 850, 856 (10th Cir. 2005)(discussing Rule 60(b)(1)); *United States v. Torres*, 372 F.3d 1159, 1161-62 (10th Cir. 2004)(addressing "excusable neglect" in Fed. R. App. P. 4(b)(1)(A))(quoting *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*,

507 U.S. 380, 395 (1993)(addressing "excusable neglect" in Bankruptcy Rule 9006(b)).  *See also*

*Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1494 (10th Cir. 1995), *cert. denied*, 516 U.S.

1160 (1996)(applying analysis of *Pioneer Investment Services* to Rule 6(b)(2)).  Relevant

circumstances include "the danger of prejudice to the [opposing party], the length of the delay and

its potential impact on judicial proceedings, the reason for the delay, including whether it was

within the reasonable control of the movant, and whether the movant acted in good faith.'"

*Jennings*, 394 F.3d at 856 (quoting *Pioneer Investment Services*, 507 U.S. at 395).  Of these

circumstances, the reason for delay circumstance carries the most weight.  *Id*. (quoting *Torres*,

372 F.3d at 1163).  Alleged "inadvertence, ignorance of the rules, or mistakes construing the rules

do not usually constitute 'excusable' neglect."  *Pioneer Investment Services*, 507 U.S. at 392.  In

addition, "[a] court may take into account whether the mistake was a single unintentional incident

(as opposed to a pattern of deliberate dilatoriness and delay), and whether the attorney attempted

to correct his action promptly after discovering the mistake."  *Jennings*, 394 F.3d at 857.

The RCI Defendants argue that Plaintiff has not presented any evidence that her late

response to RCI Defendants' Motion for Attorney's Fees resulted from excusable neglect.   The

RCI Defendants contend that although Mr. Madison verbally agreed to extend to April 1, 2005

Plaintiff's time to respond, Plaintiff, under the Local Rules, was required to file an unopposed

motion for extension of time which she did not do.  The Court, however, construes the Local

Rules to allow verbal agreements for extensions of time without the filing of a motion.  *See* LR-

CV 7.6(a).  Only if a request for an extension of time is opposed does a motion need to be filed.

*See id.*

Even if Plaintiff were correct in believing that she had an extension of time until April 1,

5

2005 to respond to RCI Defendants' Motion for Attorney's Fees, Plaintiff did not file a response

by that extended deadline.  It was not until more than a month later on May 4, 2005 at 10:23 p.m.

at night that Plaintiff electronically filed her response.  Plaintiff has not attempted to argue that

she should be allowed to respond to the RCI Defendants' Motion for Attorney's Fees more than a

month later on May 4, 2005 when Plaintiff filed her motion to vacate the provisional order and

also filed her response to RCI Defendants' Motion for Attorney's Fees.  This delay was entirely

within Plaintiff's control.  Plaintiff's only explanation of the delay is that her attorney, Dennis

Montoya, was "swamped" with other cases during this time.  *See Ghamrawi v. Case & Associates

Properties, Inc.*, 116 Fed. Appx. 206, 210 (10th Cir. 2004)(Tenth Circuit disagrees with

plaintiff's contention that "her untimely request should have been excused because her counsel's

workload was out of control and counsel could not timely file the request because of other

deadlines.").  Moreover, Plaintiff has shown "a pattern of deliberate dilatoriness and delay"

throughout the course of this case.  For these reasons, Plaintiff has failed to establish excusable

neglect.  The Court, therefore, finds that the provisional order should not be vacated under Rule

60(b)(1) nor should Plaintiff's untimely response to RCI Defendants' Motion for Attorney's Fees

be considered under Rule 6(b)(2).

     Although unclear, the Plaintiff may also be seeking relief under Rule 60(b)(6).  Rule

60(b)(6) provides for relief from a final judgment for "any other reason justifying relief from the

operation of the judgment."  Rule 60(b)(6) applies to "reasons other than those enumerated in the

previous five clauses" of Rule 60(b).  *United States v. Buck*, 281 F.3d 1336, 1341 (10th Cir.

2002).  Since excusable neglect, the essence of Plaintiff's argument in favor of vacating the

provisional order, is already a reason for relief under Rule 60(b)(1), Plaintiff's claim for relief

based on excusable neglect cannot be reconstituted to present a claim for relief under Rule 60(b)(6).

Even if Rule 60(b)(6) could be found to apply to Plaintiff's arguments in favor of vacating the provisional order, "a district court may grant a Rule 60(b)(6) motion only in extraordinary circumstances and only when necessary to accomplish justice." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579 (10th Cir. 1996)(citing *Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 729 (10th Cir. 1993)). "Relief under Rule 60(b)(6) is appropriate when circumstances are so 'unusual or compelling' that extraordinary relief is warranted, or when it 'offends justice' to deny such relief." *Id*. at 580 (citing *Pelican Production Corp.*, 893 F.2d at 1147). For example, an extraordinary circumstance justifying Rule 60(b)(6) relief exists "when, after entry of judgment, events not contemplated by the moving party render enforcement of the judgment inequitable." *Id*. at 579 (citations omitted). "'[T]he broad power granted by clause (6) is not for the purpose of relieving a party from free, calculated and deliberate choices he has made. A party remains under a duty to take legal steps to protect his own interests.'" *Id*. at 580 (quoting 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* §2864, p. 359).

In this case, the Plaintiff initially had over a month (including one extension of time) to file a response to RCI Defendants' Motion for Attorney's Fees.[4] However, Mr. Montoya's busy practice apparently made it difficult for him to prepare a timely response. As already noted, although Plaintiff had a legitimate extension until April 1, 2005 to respond, she did not file her response or her motion to vacate the provisional order until over a month later. Again, Plaintiff's

---

[4]The rules of the Court allowed Plaintiff until to March 15, 2005 to file her response. That deadline was extended to April 1, 2005 by agreement of opposing counsel.

excuse for the delay is that Mr. Montoya was "swamped" with work.  Only the Plaintiff and Mr.

Montoya can be blamed for these dilatory actions.  Rule 60(b)(6) was not meant to provide

extraordinary relief under these circumstances.  In sum, the Court finds that Plaintiff's Motion to

Vacate Provisional Order Granting [RCI Defendants'] Motion for Attorneys' Fees should be

denied.  Consequently, the Court will set another hearing to determine Plaintiff's financial

condition and ability to respond to an award of attorney's fees to the RCI Defendants as well as

to determine the reasons for the redaction of the descriptions of legal services in the "Detail Fee

Transaction File List."

     2.  The State Defendants' Motion for Award of Attorney Fees and Costs

     The State Defendants seek a total award of $95,046.00 in attorneys' fees.  The State

Defendants move the Court to award these fees against the Plaintiff under 42 U.S.C. §1988, to

award these fees against Mr. Montoya under 29 U.S.C. §1927, and in the alternative, to award

the State Defendants the fees they incurred after April 18, 2005, the date the Court granted the

State Defendants' motion for summary judgment.

     A district court may award attorney's fees against a plaintiff under §1988 if it finds that

the plaintiff's action was frivolous, unreasonable, or without foundation, even if the action is not

brought in subjective bad faith.  *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 421

(1978).  Having considered the briefs and relevant law, the Court concludes that the Plaintiff's

claims against the State Defendants were unreasonable and without foundation even though they

were not brought in subjective bad faith.  The State Defendants are, therefore, entitled to

attorneys' fees against the Plaintiff under §1988.  Although the Court finds no reason to limit the

award of attorneys' fees to those incurred after April 18, 2005, the Court finds that the State

Defendants' request for $95,046.00 in attorneys' fees appears to be unreasonable in amount and the Court will address the issue of reasonableness at a hearing.   In addition, the Court will determine at that hearing Plaintiff's financial condition and ability to respond to an award of attorneys' fees to the State Defendants.

Section 1927 allows the Court to impose sanctions in the form of excess costs, expenses, and attorneys' fees on "[a]ny attorney ... who ... multiplies the proceedings in any case unreasonably and vexatiously."  In *Center for Legal Advocacy v. Earnest*, 89 Fed. Appx. 192, 193 (10th Cir. 2004), the Tenth Circuit stated that

> [t]his Court has held that sanctions are appropriate under § 1927 when the attorney's conduct manifests an intentional or reckless disregard for his or her duties to the court. *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1342 (10th Cir.1998). The standard to be applied is one of objective bad faith. Under this standard, sanctions are appropriate when: (1) an attorney attempts to mislead the court; (2) an attorney intentionally acts without a plausible basis; (3) the entire course of proceedings is unwarranted; or (4) certain discovery is substantially unjustified and interposed for the purposes of harassment, unnecessary delay, and to increase the costs of litigation. *Id*. The standards that apply to a court's decision to exercise its inherent power to sanction an attorney or a party before it are not materially different. According to the Supreme Court, "a court may assess attorney's fees when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.' " *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991).

The Court finds that in the interests of justice Mr Montoya should be given an opportunity at a hearing to show cause why the State Defendants' attorneys' fees should not be awarded against him under §1927.

IT IS THEREFORE ORDERED:

1.  Plaintiff's Motion to Vacate Provisional Order Granting [RCI Defendants'] Motion for Attorneys' Fees (Doc. No. 126) is denied;

2.  State Defendants' Motion for Award of Attorney Fees and Costs (Doc. No. 136) is provisionally granted; and

3.  A hearing is scheduled for February 2, 2006 at 11:00 a.m., United States Courthouse, 421 Gold SW, Sixth Floor Courtroom, Albuquerque, New Mexico, at which

a) the parties may present evidence and information regarding Plaintiff's ability to respond to an award of attorneys' fees in favor of all of the RCI and State Defendants;

b) RCI Defendants may present details of the services defense counsel charged for representing the RCI Defendants;

c) Mr. Montoya will be provided an opportunity to show cause why State Defendants' attorneys' fees should not be awarded against him; and

d) the State Defendants may present evidence as to the reasonableness of their request for $95,046.00 in attorneys' fees.


_____

SENIOR UNITED STATES DISTRICT JUDGE