**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JUDITH SIZEMORE,

       Plaintiff,

v.                                                                                                No. CV 04-272 JP/DJS

STATE OF NEW MEXICO, et al.,

       Defendants.

**ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS, ANALYSIS AND RECOMMENDED DISPOSITION, AND AWARDING ATTORNEY FEES TO STATE DEFENDANTS AGAINST ATTORNEY DENNIS W. MONTOYA**

On November 17, 2006, acting on this Court's Order of Reference, Chief Magistrate Judge Lorenzo F. Garcia entered his Findings, Analysis and Recommended Disposition (hereafter "Recommended Disposition" or "RD") on two pending motions for attorney fees (Doc. No. 170).[1] Judge Garcia recommends that no attorney fees be assessed against Plaintiff Judith Sizemore. R.D. at 19. Judge Garcia further recommends that only a small portion of the State Defendants' attorney fees be assessed against Dennis W. Montoya, former counsel for Plaintiff, under 28 U.S.C. § 1927. R.D. at 20-21. On December 4, 2006 the State Defendants filed their Objections (Doc. No. 172), in which they object to the recommendation that only those fees incurred by the State Defendants subsequent to April 18, 2005 should be awarded against Mr. Montoya. On the same day Mr. Montoya filed his Objections (Doc. No. 173), in which he challenges the recommendation that any fees be assessed against him. On January 4, 2007 Mr. Montoya also filed a Response to the State Defendants' Objections (Doc. No. 179).

---

[1] On February 25, 2005 RCI Defendants filed their Motion for Attorney's Fees (Doc. No. 95), and on July 18, 2005 State Defendants filed their Motion for Award of Attorney Fees and Costs (Doc. No. 136).

Neither the RCI Defendants nor the State Defendants object to the Magistrate Judge's Recommended Disposition that no fees be assessed against Plaintiff.

The Court has carefully considered the Magistrate Judge's Recommended Disposition, the parties' objections, and the underlying pleadings.  The Court is intimately familiar with the underlying facts of the progress of this case, but lacked information about Plaintiff Sizemore's ability to pay the Defendants' requested attorney fees.  Magistrate Judge Garcia held an evidentiary hearing on August 29, 2006 at which Plaintiff Sizemore testified and was subject to cross-examination.  Mr. Montoya did not appear at the hearing, although he was represented by counsel.

*A.  State Defendants' Objections.*

The State Defendants object to Judge Garcia's recommendation that only fees incurred by the State Defendants subsequent to April 18, 2005 should be assessed against Mr. Montoya under 28 U.S.C. § 1927.  On that date, this Court entered summary judgment in favor of the State Defendants and dismissed all Plaintiff's claims against them.  Doc. Nos. 115, 116.  Defendants argue that the Magistrate Judge mistakenly relied on a standard of Mr. Montoya's subjective bad faith rather than objective bad faith, and that under the proper objective standard the Court should award their fees from the outset of the litigation to its conclusion.

*B.  Mr. Montoya's Objections.*

Mr. Montoya objects to the award of any sanctions against him.  He argues that the Magistrate Judge incorrectly perceived that the question to be resolved was one of amount rather than propriety of sanctions, and that it is thus unclear from the Recommended Disposition what, if any, grounds exist for the award of $6,448.50 in sanctions against him.

*C. Discussion.*

This Court previously determined that the claims against the State Defendants were "unreasonable and without foundation even though they were not brought in subjective bad faith," which justified a fee award against Plaintiff under 42 U.S.C. § 1988.  Mem. Op. and Order (Doc. No. 145) at 8.  The State Defendants argue that the Magistrate Judge applied this Court's determination on Plaintiff's lack of subjective bad faith to preclude a pre-April 18, 2005 award of fees against Plaintiff's attorney when ruling on the § 1927 fee request.  The Court disagrees.  Judge Garcia correctly applied the proper standard under § 1927.  *See* R.D. ¶¶ 57-60 at 11, 15-16, 20-21.

Judge Garcia made factual findings that Mr. Montoya's litigation activities after April 18, 2005 "needlessly prolonged and increased the costs of the litigation."  R.D. ¶ 58 at 11.  Judge Garcia concluded that by missing deadlines, by failing to respond to motions, and by running up costs and fees after summary judgment was granted for the State Defendants, "Montoya's conduct as an attorney in this case was inappropriate."  R.D. at 20.  Judge Garcia further determined that "Montoya acted poorly, but he didn't prosecute the action with subjective bad faith [and that] the proper sanction would be to award the State Defendants the fees they incurred after summary judgment was granted on April 18, 2005, because those fees are attributable to Montoya's litigation practices which needlessly increased the State's fees."  R.D. at 20.

This Court agrees with Judge Garcia that attorney Montoya should not be subjected to a monetary sanction for all the fees the State Defendants incurred during the litigation, but only to those incurred after summary judgment was granted.  It is true that a court may award sanctions against an attorney who "multiplies the proceedings in any case unreasonably and vexatiously."

3

28 U.S.C. § 1927.  It has been shown that attorney Montoya multiplied the proceedings, and that he acted unreasonably and vexatiously.  However, even when such a showing is made, a court is not required to impose sanctions, and a court is never required to impose the full amount requested by the opposing party; the award of sanctions is discretionary.  Center for Legal Advocacy v. Earnest, 89 Fed. Appx. 192, 193 (10th Cir. 2004) (unpublished) (§ 1927 "permits, but does not require" sanctions); *see also* Walter v. Fiorenzo, 840 F.2d 427, 433 (7th Cir. 1998) ("award of fees under § 1927 is given solely to the discretion of the district court").  *Cf.* Loftus v. Southeastern Pennsylvania Transp. Authority, 8 F.Supp. 2d 464, 466 n.1 (E.D. Pa. 1998) ($23,000 in fees requested, reduced to award of $4,000 in "exercise of discretion"), *aff'd* 187 F.3d 626 (3rd Cir. 1999).  Moreover, § 1927 sanctions are not available for the entire case. Steinert v. Winn Group, Inc., 440 F.3d 1214, 1225 (10th Cir. 2006) ("it is not possible to multiply proceedings until *after* those proceedings have begun") (emphasis in original).

    Even though it has not been shown that Mr. Montoya acted with subjective bad faith, his conduct in this case meets the objective standard for bad faith, in that he brought federal discrimination claims that had no basis, engaged in dilatory tactics, and continued to assert meritless claims long after it became clear that the claims had no basis.  Furthermore, after being given the opportunity to show cause why sanctions should not be imposed against him, Mr. Montoya failed to appear at the hearing scheduled by Judge Garcia.  "Section 1927 targets conduct that multiplies the proceedings, which, when viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court."  Steinert, 440 F.3d at 1226 (citation and internal quotation marks omitted); Miera v. Dairyland Ins. Co., 143 F.3d 1337, 1342 (10th Cir.1998) (conduct that, viewed objectively, manifests either intentional or reckless

disregard of attorney's duties to court, warrants § 1927 sanctions).  Viewed objectively, Mr. Montoya's conduct, especially after April 18, 2005, manifested "intentional or reckless disregard" of his duties to the Court.  *See* Braley v. Campbell, 832 F.2d 1504, 1512 (10th Cir. 1987).  Thus, Mr. Montoya's conduct meets the standards for an award of sanctions against him under § 1927.

THEREFORE IT IS ORDERED:

1.  The State Defendants' Objections (Doc. No. 172) are overruled;

2.  Movant Dennis W. Montoya's Objections (Doc. No. 173) are overruled;

3.  Chief Magistrate Judge Lorenzo F. Garcia's Findings, Analysis and Recommended Disposition (Doc. No. 170) are adopted in full;

4.  The State Defendants' attorney fees in the amount of $6,448.50 are assessed against Dennis W. Montoya as a sanction under 28 U.S.C. § 1927, and are to be paid by July 20, 2007.

*James A. Parker*
SENIOR UNITED STATES DISTRICT JUDGE